1

2                         IN THE UNITED STATES DISTRICT COURT

3                        FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    CHRISTOPHER DUPREE,

7                    Plaintiff,                       CV F 05 1291 AWI WMW P

8           vs.                                       ORDER DISMISSING COMPLAINT
                                                      WITH LEAVE TO AMEND
9    _____

10   GEORGE GALAZA, et al.,

11                   Defendants.

12

13

14           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

15   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

16   U.S.C. § 636(b)(1).

17           This action proceeds on the original complaint.  Plaintiff, an inmate in the custody

18   of the California Department of Corrections at North Kern State Prison in Delano, brings this

19   civil rights action against various correctional officials employed by the Department of

20   Corrections.

21           In his complaint, Plaintiff sets forth several causes of action Plaintiff claims that

22   correctional officials have violated several of his constitutional rights.  Plaintiff does not,

23   however, set forth specific factual allegations as to defendants.    The complaint consists of

24   conclusory legal claims unsupported by factual allegations.

25

26

                                                    1

1        The statute under which this action proceeds requires that there be an actual

2   connection or link between the actions of the defendants and the deprivation alleged to have

3   been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978);

4   Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects'

5   another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

6   an affirmative act, participates in another's affirmative acts or omits to perform an act which he

7   is legally required to do that causes the deprivation of which the complaint is made." Johnson v.

8   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9        The court finds the allegations in plaintiff's complaint vague and conclusory.

10  The court has determined that the complaint does not contain a short and plain statement as

11  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

12  a complaint must give fair notice and state the elements of the claim plainly and succinctly.

13  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

14  with at least some degree of particularity overt acts which defendants engaged in that support

15  plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

16  P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

17  amended complaint.

18       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22  there is some affirmative link or connection between a defendant's actions and the claimed

23  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

24  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

26

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   November 20, 2006**          **/s/  William M. Wunderlich**
mmkd34                                  UNITED STATES MAGISTRATE JUDGE

3